UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CRAIG A. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-CV-3-CDP |
| | ) | |
| KRISTEN TATE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Self-represented Plaintiff Craig A. Hill brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 3. While incarcerated, Plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. As discussed below, Plaintiff is subject to the three strikes rule, 28 U.S.C. § 1915(g). Accordingly, the Court will deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss Plaintiff's complaint without prejudice, subject to refiling as a fully paid complaint.

### **Plaintiff's Background**

Plaintiff Craig Hill (Missouri inmate registration number 1065369)[1] is a convicted Missouri state prisoner being held at Pemiscot County Jail. ECF No. 1 at 2. Independent review

---

[1] The last digit of Plaintiff's Missouri prison registration number is incorrect on his complaint. Although it's difficult to decipher, it appears that he states his number as "1065364." ECF No. 1 at 1, 2, 16. However, according to Plaintiff's previous cases cited in the complaint and a search of court records, Plaintiff's Missouri prison registration number is "1065369." *See id.* at 15-16; *Hill v. Greenwell*, No. 1:22-cv-26-HEA, ECF No. 1 at 2 (E.D. Mo. Mar. 11, 2022); *Hill v. Dodson*, No. 1:12-cv-135-ACL, ECF No. 1 at 3 (E.D. Mo. July 25, 2012).

of Plaintiff's criminal history on Missouri Case.net, the State of Missouri's online docketing system, reveals that Plaintiff pled guilty in Missouri state court on June 21, 2022, to possession of a controlled substance. *See State v. Hill*, No. 20PE-CR00448-01 (34th Jud. Cir. 2020). Plaintiff was sentenced to seven years. However, the execution of his sentence was suspended and he was released on probation. Unfortunately, in October 2022, a warrant was issued against him on a probation violation. Plaintiff was arrested on October 26, 2022. On December 21, 2022, the state court granted Plaintiff's motion for a mental health examination and ordered the Missouri Department of Mental Health to examine Plaintiff within sixty days. In January 2023, the Department of Mental Health requested, and was granted, an extension until June 2023 to complete Plaintiff's mental health exam. As such, Plaintiff is currently being held at Pemiscot County Jail under a state-court sentence, awaiting a court-ordered mental health exam.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, against multiple employees of Pemiscot County, including a nurse, police officer, and two jail administrators. ECF No. 1 at 1-4. According to Plaintiff, defendants have acted with deliberate indifference to his serious medical needs in terms of treatment and accommodations for his "dystonia."[2] *Id.* at 4-5. Plaintiff alleges that starting in November 2022, through case initiation in early January 2023, he submitted multiple sick call requests for treatment of his dystonia that were denied. *Id.* at 5-6. Plaintiff does not specify exactly what treatment was denied. The only specific denial named by Plaintiff is that he

---

[2] Plaintiff does not provide details on 'dystonia' except to say that it is rare. ECF No. 1 at 8. According to the National Institute of Neurological Disorders and Stroke, dystonia is "a neurological movement disorder characterized by involuntary (unintended) muscle contractions that cause slow repetitive movements or abnormal postures that can sometimes be painful. … Currently, there are no medications to prevent dystonia or slow its progression. There are, however, several treatment options that can ease some of the symptoms of dystonia." *Dystonia*, Nat'l Inst. of Neurological Disorders & Stroke, https://www.ninds.nih.gov/health-information/disorders/dystonia (last updated Jan. 20, 2023).

was denied the right to see a doctor. *Id.* at 6. Plaintiff states that he was suffering from pain, muscle spasms, loss of feeling in his right foot, and "mental problems." *Id.* at 5, 7. It appears that Plaintiff filed many grievances on this issue – possibly as many as fifteen (15) in a one-month period. *Id.* at 6-7.

By way of background, Plaintiff reports that he had been receiving regular injections of Haldol for five years – including an injection received in February 2022 – which he alleges caused a reaction and lead to the development of dystonia.[3] *Id.* at 8. Plaintiff argues that his bloodwork should have been checked before he received that February 2022 Haldol injection. *Id.* at 8, 10. Although not entirely clear, it seems that Plaintiff saw a doctor upon intake at the Jail on October 26, 2022. *Id.* at 7 (Plaintiff states that he "has 'not' seen the doctor from October 26, 2022 – which is [Plaintiff's] entrance date at the Jail."). Plaintiff's complaint is dated January 4, 2023. *Id.* at 17.

For relief, Plaintiff seeks 2.5 million dollars in damages and requests to see a doctor. *Id.* at 12.

## Discussion

Plaintiff is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[3] Plaintiff attached a medical record exhibit to his complaint in support of these assertions. *See* ECF No. 1-3. According to the exhibit, Plaintiff was hospitalized in February 2022 for "allergic medication prescription" and reports that he was hallucinating. Plaintiff was discharged a few days later with multiple diagnoses including: "Possible history of dystonia, reaction to Haldol." *Id.* at 1.

28 U.S.C. § 1915(g).

Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001). Prisoners who have three strikes must prepay the entire filing fee in order for their case to proceed. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

Plaintiff here has accumulated more than three strikes under this provision.[4] As a result, this Court is unable to permit Plaintiff to proceed *in forma pauperis* in this matter unless the "imminent danger" exception is applicable. 28 U.S.C. § 1915(g). Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins*, 258 F.3d at 800. This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id.* A plaintiff must plead "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury;" conclusory assertions of ongoing danger are insufficient. *Martin*, 319 F.3d at 1050. Furthermore, the imminent-danger "exception focuses on the risk that the conduct complained of threatens continuing or future injury." *Id.*

---

[4] *See Hill v. Wynes*, No. 1:10-cv-118-SNLJ (E.D. Mo. dismissed Aug. 16, 2010); *Hill v. Pemiscot Cnty, Mo.*, No. 1:11-cv-66-SNLJ (E.D. Mo. dismissed June 6, 2011); *Hill v. State of Mo.*, No. 4:15-cv-1599-SNLJ (E.D. Mo. dismissed Jan. 27, 2016); *Hill v. City of Caruthersville*, No. 1:20-cv-152-ACL (E.D. Mo. dismissed Aug. 14, 2020); *Hill v. New Madrid County*, No. 1:20-cv-151-RWS (E.D. Mo. dismissed Sept. 14, 2020); *Hill v. Caruthersville, City of*, No. 1:20-cv-43-SNLJ (E.D. Mo. dismissed Sept. 24, 2020).

In this case, Plaintiff does not allege in his complaint that he is in imminent danger of serious physical injury.  Plaintiff states that he suffers from dystonia and that he has been denied an appointment with a doctor, but he does not assert that his condition is worsening, that not seeing a doctor could result in serious physical injuries, or that any continuing or future injury is possible due to the denial of a doctor's visit. *See Hall v. United States*, 44 F.4th 218 (4th Cir. 2022) (finding that plaintiff who alleged denial or delay in medical treatment of a chronic illness that resulted in worsening medical condition and serious physical injuries, triggered imminent-danger exception).

According to the Fourth Circuit, in order to meet the imminent-danger exception, a plaintiff must at least allege that he has been denied a medical necessity.  *See Richardson v. Hite*, 53 F. App'x 291, 292 (4th Cir. 2002) (finding imminent-danger exception did not apply when inmate alleged that he was being denied medication for his elevated cholesterol levels where inmate did not demonstrate that his cholesterol levels were necessarily dangerous or that medication was a medical necessity).  In this case, Plaintiff does not assert that there is any medically necessary treatment for dystonia that he is being denied.

Furthermore, according to the Sixth Circuit, "[a] physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm." *Gresham v. Meden*, 938 F. 3d 847, 850 (6th Cir. 2019).  Here, Plaintiff does not allege that the denial of a doctor visit for his dystonia could result in death or any physical harm at all.  His allegations of pain, muscle spasms, loss of feeling in his foot, and mental health problems (some of which are presumably not a result of dystonia but of his ongoing mental health treatment), are not enough to constitute "serious" physical injury. *See id.* (finding medication causing chest pains, muscular restlessness, seizures, vomiting, stomach cramps, and dizziness, did not amount to "serious physical injury" for imminent-danger exception).

In light of the totality of the circumstances, the Court does not find that Plaintiff's allegations meet the standard for application of the imminent-danger exception. *See Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022) ("District courts have broad discretion to consider the totality-of-the-circumstances, past and present, to determine whether an incarcerated person faces imminent serious injury at the time of filing because of denied or delayed medical care."). Plaintiff is currently awaiting a court-ordered mental health examination. He should be seeing a medical professional soon. Plaintiff admits in his complaint that he saw a doctor at the Jail upon admission at the end of October 2022. He filed this case, alleging denial of a doctor visit, two months later. "The Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009). Plaintiff's history, circumstances, and complaint allegations do not indicate that he is in imminent danger of serious physical injury. Plaintiff has thus failed to demonstrate that the exception to the three strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny Plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice to Plaintiff refiling a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice, subject to Plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 28th day of February, 2023.

                                            CATHERINE D. PERRY
                                            UNITED STATES DISTRICT JUDGE